J. S62027/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
:
:
v. :
:
JUSTIN BRENNER, :
:
Appellant : No. 95 MDA 2016

Appeal from the PCRA Order December 10, 2015
In the Court of Common Pleas of Lebanon County
Criminal Division at No.: CP-38-CR-0000656-2011

BEFORE: GANTMAN, P.J., DUBOW, J., and JENKINS, J.

MEMORANDUM BY DUBOW, J.: **FILED SEPTEMBER 26, 2016**

Appellant, Justin Brenner, appeals *pro se* from the Order entered in the Lebanon County Court of Common Pleas dismissing his second Petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546, as untimely. After careful review, we affirm on the basis that Appellant's PCRA Petition is untimely and that this Court lacks jurisdiction to review the Petition.

On April 20, 2012, Appellant entered an open guilty plea to one count each of Involuntary Deviate Sexual Intercourse with a Child, Attempted Involuntary Deviate Sexual Intercourse with a Child; Indecent Assault of a

Person Less Than 13 Years of Age, and Corruption of Minors.[1] On September 13, 2012, the trial court imposed an aggregate term of 10 to 20 years' incarceration. Appellant did not file a direct appeal. His Judgment of Sentence, therefore, became final on October 15, 2012.[2] *See* 42 Pa.C.S. § 9545(b)(3).

Appellant filed his first PCRA Petition on September 16, 2013. On January 15, 2014, the PCRA court denied Appellant's first PCRA Petition following a hearing. Appellant did not file a direct appeal.

Appellant filed the instant *pro se* PCRA Petition, his second, on September 24, 2015, claiming his sentence is illegal. On October 19, 2015, the Commonwealth filed a response. On November 5, 2015, the PCRA court issued a Pa.R.Crim.P. 907 Notice advising Appellant of its intent to dismiss his Petition, noting that it lacked jurisdiction to consider Appellant's underlying claim because the Petition was not timely filed, and Appellant had failed to plead and prove a timeliness exception. Appellant filed a *pro se* Response on November 27, 2015.

---

[1] 18 Pa.C.S. § 3123(b); 18 Pa.C.S. § 901(a); 18 Pa.C.S. § 3126(a)(7); 18 Pa.C.S. § 6301(a)(1), respectively.

[2] October 13, 2012, was a Saturday. *See* 1 Pa.C.S. § 1908.

On December 10, 2015, the PCRA court dismissed Appellant's Petition without a hearing. Appellant filed a *pro se* Notice of Appeal on January 11, 2016.[3] Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant presents three issues for our review:

I. Did the P.C.R.A. Court err in denying the Post Conviction Relief Act Petition without a hearing by misapprehending the retrospective application in Commonwealth v. Hopkins, 117 A.3d 247 (2015) when it's [*sic*] paradigm, Alleyne v. United States, 133 S.Ct. 2151 (2013) created a "substantive rule," which "the Constitution requires State Collateral Review Courts to give retroactive effect to that rule?"

II. Did the P.C.R.A. Court err in denying the Post Conviction Relief Act Petition without a hearing when [Appellant] filed the instant Post Conviction Relief Act Petition timely by filing within sixty (60) days of learning of the Supreme Court of Pennsylvania's decision in Commonwealth v. Hopkins, 117 A.3d 247 (2015)?

III. Did the P.C.R.A. Court err in denying the Post Conviction Relief Act Petition without a hearing when [Appellant] contends that through the Court's inherent power, the P.C.R.A. Court always retains jurisdiction to correct his patently unconstitutional, and therefore illegal sentence?

Appellant's Brief at 4.

---

[3] Appellant avers that he delivered his Notice of Appeal to prison officials on January 11, 2016, which would be timely. Although Appellant has not submitted a cash slip, postmark, or other written verification, we note that Appellant's Notice of Appeal was received and docketed by the lower court on January 14, 2016, which indicates that he did, in fact, deliver the Notice of Appeal to prison officials several days earlier. Accordingly, we conclude that Appellant's Notice of Appeal was timely filed under the Prisoner Mailbox Rule. **See** Pa.R.A.P. 121(a); **Commonwealth v. Patterson**, 931 A.2d 710, 714 (Pa. Super. 2007) (noting that even without a postmark definitively noting the date of mailing, quashal may be avoided where the date of receipt indicates that appellant likely placed the notice of appeal in the hands of prison officials before the expiration of 30 days).

We review the denial of a PCRA Petition to determine whether the record supports the PCRA court's findings and whether its Order is otherwise free of legal error. **Commonwealth v. Fears**, 86 A.3d 795, 803 (Pa. 2014). There is no right to a PCRA hearing; a hearing is unnecessary where the PCRA court can determine from the record that there are no genuine issues of material fact. **Commonwealth v. Jones**, 942 A.2d 903, 906 (Pa. Super. 2008).

Before addressing the merits of Appellant's claims, we must first determine whether we have jurisdiction to entertain the underlying PCRA Petition. **See Commonwealth v. Hackett**, 956 A.2d 978, 983 (Pa. 2008) (explaining that the timeliness of a PCRA Petition is a jurisdictional requisite).

Under the PCRA, any Petition "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S. § 9545(b)(1). A Judgment of Sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. **Commonwealth v. Albrecht**, 994 A.2d 1091, 1093 (Pa. 2010).

Here, Appellant's Judgment of Sentence became final on October 15, 2012, upon expiration of the time to file a Notice of Appeal with the Pennsylvania Superior Court. *See* 42 Pa.C.S. § 9545(b)(3). In order to be timely, Appellant needed to submit his PCRA Petition by October 15, 2013. *Id*. Appellant filed this PCRA Petition on September 24, 2015, well after the one-year deadline. The PCRA court properly concluded that Appellant's Petition is facially untimely. PCRA Court Opinion, filed 12/10/15, at 4-5.

Pennsylvania courts may consider an untimely PCRA petition, however, if the appellant pleads and proves one of the three exceptions set forth in 42 Pa.C.S. § 9545(b), which provides the following:

**(b) Time for filing petition.**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

42 Pa.C.S. § 9545(b)(1)-(2). **See, e.g., Commonwealth v. Lark**, 746 A.2d 585, 588 (Pa. 2000) (reviewing specific facts that demonstrated the claim had been timely raised within 60-day timeframe).

Appellant attempts to invoke the timeliness exception under Section 9545(b)(1)(iii) in his challenge to the legality of his sentence, relying on **Alleyne v. United States**, __ U.S. __, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013), and **Commonwealth v. Hopkins**, 117 A.3d 247 (Pa. 2015). As long as this Court has jurisdiction over the matter, a legality of sentencing issue is reviewable and cannot be waived. **Commonwealth v. Jones**, 932 A.2d 179, 182 (Pa. Super. 2007). However, a legality of sentencing issue must be raised in a timely filed PCRA Petition. **See** 42 Pa.C.S. § 9545(b)(1); **Commonwealth v. Fahy**, 737 A.2d 214, 223 (Pa. 1999) ("Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto."). Appellant must present an illegal sentencing claim in a timely PCRA Petition over which we have jurisdiction. **See Fahy, supra** at 223; **Commonwealth v. Riggle**, 119 A.3d 1058, 1064-67 (Pa. Super. 2015); **Commonwealth v. Miller**, 102 A.3d 988, 995-96 (Pa. Super. 2014) (explaining that the decision in **Alleyne** does not invalidate a mandatory minimum sentence when presented in an untimely PCRA Petition).

The United States Supreme Court decided **Alleyne** on June 17, 2013. In order to invoke the "constitutional right" exception under 42 Pa.C.S. § 9545(b)(1)(iii), Appellant needed to submit his PCRA petition within 60 days of June 17, 2013. **See Commonwealth v. Boyd**, 923 A.2d 513, 517 (Pa. Super. 2007) (stating that the 60-day period "begins to run upon the date of the underlying judicial decision."). Appellant filed this PCRA Petition on September 24, 2015, well after 60 days of the **Alleyne** decision.

Because Appellant's Judgment of Sentence was final when **Alleyne** was decided and because he filed an untimely PCRA Petition, the instant case is indistinguishable from **Miller**. Accordingly, the PCRA court properly concluded that Appellant had failed to plead and prove any of the timeliness exceptions provided in 42 Pa.C.S. § 9545(b)(1), and properly dismissed Appellant's Petition as untimely. PCRA Court Opinion, filed 12/10/15, at 4-5.

Moreover, our Supreme Court has recently reiterated that **Alleyne** does not apply retroactively on post-conviction collateral review. **See Commonwealth v. Washington**, ___ A.3d ___, 2016 WL 3909088 at *8, No. 37 EAP 2015 (Pa. filed July 19, 2016).

In sum, Appellant's PCRA Petition was facially untimely and he did not plead and prove the applicability of any of the three statutory timeliness exceptions. Accordingly, the PCRA court properly dismissed Appellant's PCRA Petition. We, thus, affirm the denial of PCRA relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>9/26/2016</u>